| UNITED STATES DISTRICT COURT | USDC SDNY |
| SOUTHERN DISTRICT OF NEW YORK | DOCUMENT |
| ------------------------------------------------------X | ELECTRONICALLY FILED |
| | DOC #: _____ |
| UNITED STATES OF AMERICA | DATE FILED: June 20, 2021 |

                v.                              17-CR-512 (KMW)

**OPINION & ORDER**

CARLOS PEREZ,

                        Defendant.

------------------------------------------------------X

KIMBA M. WOOD, United States District Judge:

      Defendant Carlos Perez, proceeding *pro se*, has moved to reduce his sentence under the federal compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), in light of COVID-19. (ECF No. 686.) The Government opposes the motion. (ECF No. 693.) For the reasons that follow, Defendant's motion is DENIED.

## BACKGROUND

      Defendant was arrested in August 2017 for conspiring to sell large quantities of heroin, cocaine, and crack cocaine as part of a large drug-trafficking organization (the "DTO"). (Gov't Opp'n at 1.) On June 12, 2018, Defendant pleaded guilty to conspiring to traffic cocaine, in violation of 21 U.S.C. §§ 846, 841(b)(1)(C). (*Id.* at 2.)

      On November 13, 2018, the Court sentenced Defendant to 60 months' imprisonment, to be followed by three years of supervised release. (*Id.*) The Court took into consideration the fact that, as a result of the conspiracy, large amounts of cocaine were distributed into the community. (*See* Sent. Tr. at 7, ECF No. 296.) In mitigation, the Court recognized Defendant's deprived upbringing and the fact that he did not have an ownership interest in the DTO. (*Id.* at 7-9.)

Defendant is currently serving his sentence at FCI Cumberland. (Gov't Opp'n at 2.) His projected release date is on or about November 20, 2021. (*Id.*)

On March 9, 2021 Defendant submitted an application for compassionate release to the Warden of FCI Cumberland. (*Id.*; *see* Mot. at 3.) The Warden denied Defendant's request on April 1, 2021. (Gov't Opp'n at 2, Mot. at 3.)

On April 20, 2021, Defendant filed the present motion. The Government filed its opposition on May 8. Defendant filed a reply on June 15.

## LEGAL STANDARDS

Pursuant to 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP"), or upon motion of the defendant. A defendant may move under § 3582(c)(1)(A) only after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[1] *Id.*

A court may reduce a defendant's sentence if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i). The court has discretion to consider "the full slate of extraordinary and compelling reasons" an inmate presents. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). In light of the COVID-19 pandemic, these reasons may include whether a defendant is at increased risk of suffering serious illness from the virus. *See, e.g.*, *United States v. Jones*, 2020 WL 6131252, at *3 (S.D.N.Y. Oct.

---

[1] Defendant's motion is properly before the Court because 30 days have elapsed since the date of Defendant's request to the Warden of FCI Cumberland. (Gov't Opp'n at 2; Mot. at 3.)

19, 2020) (Swain, J.).

In determining whether to grant a motion for compassionate release, courts must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a) (the "sentencing factors"). 18 U.S.C. § 3582(c)(1)(A). Even if extraordinary and compelling reasons for compassionate release exist, courts may deny the motion if the Section 3553(a) sentencing considerations outweigh those compelling reasons. *See, e.g.*, *United States v. Butler*, 2020 WL 1689778, at *3 (S.D.N.Y. Apr. 7, 2020) (Engelmayer, J.).

Because Defendant is proceeding *pro se*, the Court construes his motion liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) (quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'").

## DISCUSSION

In his motion, Defendant seeks compassionate release on the ground that he faces a heightened risk of serious illness or death from reinfection[2] with COVID-19 based on his risk factor, namely obesity (Defendant has a body mass index ("BMI") of approximately 50). He also claims a number of other medical conditions, none of which is documented. (Mot. at 2; Gov't Opp'n at 3.) The Court acknowledges that the Centers for Disease Control and Prevention ("CDC") advise that, if an adult is obese (defined as an individual with a BMI of 30 or higher), he has an elevated risk of suffering severe illness from COVID-19. *See* People with Certain Medical Conditions, CDC (updated Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. The Government does

---

[2] Defendant tested positive for COVID-19 on December 2, 2020. (Gov't Opp'n at 3, Ex. A p. 1; Mot. at 2.)

3

not dispute that Defendant's obesity presents an "extraordinary and compelling" reason due to COVID-19. (*See* Gov't Opp'n at 3-4.) The Court agrees and finds that, in the context of the COVID-19 pandemic, Defendant's obesity constitutes an extraordinary and compelling reason for granting compassionate release.

Nevertheless, the sentencing factors counsel against granting Defendant's motion. Section 3553(a) requires the Court to consider (1) "the nature and circumstances of the offense"; and (2) the need for the sentence imposed (A) "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," (B) "to afford adequate deterrence to criminal conduct," and (C) "to protect the public from further crimes of the defendant." 18 U.S.C. §§ 3553(a)(1)-(2).

Here, the crime that Defendant committed was extremely serious because, as a result of the conspiracy, large amounts of cocaine were distributed into the community. (Gov't Opp'n at 4.) The Court also takes into account Defendant's criminal history; it includes, among other things, a robbery offense, a criminal possession of stolen property offense, and drug-related offenses. (PSR ¶¶ 34-42.)

In light of these circumstances, the Court finds that granting Defendant compassionate release would fail to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from future crimes of Defendant.

## CONCLUSION

For the foregoing reasons, Defendant's motion for compassionate release under § 3582(c)(1)(A) is DENIED.

The Clerk of Court is respectfully directed to terminate the Motion at ECF No. 686 and to mail a copy of this Opinion & Order to Defendant.

SO ORDERED.

Dated: New York, New York
June 20, 2021

                                                /s/ Kimba M. Wood
                                                 KIMBA M. WOOD
                                         United States District Judge